Filed: July 29, 2009

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 07-4809
(3:06-cr-00066-FDW)

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GREGORY LASHAWN MOFFITT,

Defendant - Appellant.

O R D E R

The court amends its opinion filed July 16, 2009, as follows:

On page 2, the third sentence of the second paragraph is amended to read, "The resulting sentencing range was seventy to eighty-seven months."

For the Court - By Direction

/s/ Patricia S. Connor
Clerk

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 07-4809**

—————————

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

GREGORY LASHAWN MOFFITT,

          Defendant - Appellant.

—————————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:06-cr-00066-FDW)

—————————

Submitted: June 26, 2009          Decided: July 16, 2009

—————————

Before TRAXLER, Chief Judge, and GREGORY and DUNCAN, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Claire J. Rauscher, Executive Director, Peter Adolf, Emily Marroquin, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Adam Morris, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This case is before the court after resentencing on remand. Gregory Lashawn Moffitt appealed the 102-month sentence imposed after he pled guilty to one count of possession of a firearm after having been convicted of a crime punishable by more than one year of imprisonment, in violation of 18 U.S.C. § 922(g) (2006). In our prior decision in this case, we concluded that the district court erred in imposing a four-level enhancement to Moffitt's offense level pursuant to U.S. Sentencing Guidelines Manual (USSG) § 2K2.1(b)(6) (2006) because the firearm was used in connection with another felony offense. We remanded to allow the district court to consider whether there was any other basis to impose the enhancement. We declined to consider Moffitt's other argument that the court erred in imposing a two-level enhancement pursuant to USSG § 2K2.1(b)(4) because the firearm was stolen.

On remand, the district court concluded that the four-level enhancement pursuant to § 2K2.1(b)(6) was not appropriate. Moffitt's total offense level without this enhancement was recalculated at twenty-three, and his criminal history category remained category IV. The resulting sentencing range was seventy to eighty-seven months. The district court sentenced Moffitt to eighty-seven months of imprisonment.

2

In his objections to the presentence report (PSR), Moffitt first stated a general objection under United States v. Booker, 543 U.S. 220 (2005), based on his assertion that the Fourth Circuit had created a mandatory Guidelines system contrary to Booker. He then argued that judicial fact-finding under this mandatory system implicated his confrontation rights as articulated in Crawford v. Washington, 541 U.S. 36 (2004). Moffitt also asserted that the enhancement for a stolen firearm was improper because the evidence that the gun was stolen was insufficient to support the enhancement.

At sentencing, the district court concluded that the evidence was sufficiently reliable to establish by a preponderance of the evidence that the firearm was stolen, and overruled Moffitt's objection. On appeal, Moffitt asserts that the district court erred in enhancing his offense level for a stolen firearm. He also repeats his claims that the Fourth Circuit had created a mandatory Guidelines system and his confrontation claim based on Crawford, but offers no argument in support of those issues. The Government responds, urging affirmance.

This court reviews a district court's factual findings at sentencing for clear error and its legal determinations de novo. United States v. Daughtrey, 874 F.2d 213, 217-18 (4th Cir. 1989). This deferential standard of review requires

3

reversal only if this court is "left with the definite and firm conviction that a mistake has been committed." United States v. Stevenson, 396 F.3d 538, 542 (4th Cir. 2005) (quoting Anderson v. Bessemer City, 470 U.S. 564, 573 (1985)). Moffitt argues that the evidence before the district court was not sufficiently reliable to support its conclusion that the firearm he possessed was stolen. We find that this argument is without merit. Following Booker, a sentencing court continues to make factual findings concerning sentencing factors by a preponderance of the evidence. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). A sentencing court may consider any evidence at sentencing that "has sufficient indicia of reliability." USSG § 6A1.3(a). This court has "construed various Supreme Court decisions as 'recogniz[ing] a due process right to be sentenced only on information which is accurate.'" United States v. Nichols, 438 F.3d 437, 440 (4th Cir. 2006) (quoting United States v. Lee, 540 F.2d 1205, 1211 (4th Cir. 1976)).

Moffitt acknowledges that the rules of evidence do not apply at sentencing and that the district court may consider hearsay evidence in making its factual determinations. The district court considered the PSR and a police officer's testimony describing the information obtained through the National Crime Information Center (NCIC) and the ATF serial

4

number trace of the firearm. The court specifically took judicial notice of the NCIC database and its reliability and accuracy and concluded that the evidence was sufficient to establish that the firearm was stolen. Because Moffitt's assertions that the information was not sufficiently reliable are based on conjecture, we find that the district court properly overruled his objection to this enhancement.

Finally, Moffitt states, in summary fashion, that the district court violated his Fifth and Sixth Amendment rights by making factual findings based on a preponderance of the evidence, and that his Confrontation Clause rights were violated because the Fourth Circuit has created a mandatory Guidelines system that gives rise to his Fifth and Sixth Amendment rights. Moffitt states that he wishes only to preserve these claims for further appellate review and we thus do not consider them further.

Accordingly, we affirm Moffitt's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5